UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES T. WILSON,

        Petitioner,                    Case No. 1:25-cv-10099

v.

                                    Honorable Thomas L. Ludington
NOAH NAGY,                     United States District Court Judge

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING MOTION FOR BOND, (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

In 2021, Petitioner Charles T. Wilson pleaded guilty to possessing with the intent to deliver cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), and being a felon in possession of a firearm, *id.* § 750.224. In a separate case, he pleaded no contest to discharging a firearm from a motor vehicle, *id.* § 750.234a(1)(a), and using a firearm while committing a felony, *id.* § 750.227b. Based on those convictions, he is serving a prison sentence. On January 13, 2025, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also filed a motion seeking bond pending habeas review. As explained below, the Petition and Motion will be denied.

**I.**

On October 18, 2021, Petitioner Charles T. Wilson pleaded guilty to possessing with the intent to deliver cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), and being a felon in possession of a firearm, *id.* § 750.224. ECF No. 8-7. At the same hearing, he pleaded no contest to discharging a firearm from a motor vehicle, MICH. COMP. LAWS § 750.234a(1)(a), and using a firearm while committing a felony, *id.* § 750.227b, in a separate case. ECF No. 8-7. In return, the prosecutor agreed that the discharge-of-a-firearm conviction would carry a three-year "cap on the minimum,"

that no third case would be filed, and that the sentences in the two cases would run concurrently except for the felony-firearm term. *Id.* at PageID.264.

A few preceding events informed the pleas and Petitioner's sentence. First, at a status conference, the prosecutor told Petitioner that if he entered pleas in these cases, the State would drop the habitual-offender notice that charged him as a fourth-felony habitual offender. ECF No. 8-4 at PageID.237–38. Second, the prosecutor made clear that a no-contest plea to felony-firearm would avoid a third-offense felony-firearm charge—which carries a mandatory ten-year sentence—despite Petitioner's two prior felony-firearm convictions. *Id.* at PageID.240. Third, at a follow-up hearing, the prosecutor secured leave to amend Petitioner's information to add the third-offense enhancement, based on Petitioner's two prior felony-firearm convictions. ECF No. 8-5 at PageID.248–50.

At sentencing on August 26, 2021, defense counsel successfully challenged the scoring of Prior Record Variable (PRV) 1. The court agreed to score PRV 1 at zero and PRV 2 at 10, yielding guideline ranges of 5 to 23 months in one case and 19 to 38 months in the other. ECF No. 8-8 at PageID.273–74, 276. The court then imposed sentences of 2 to 20 years for possession with intent to deliver cocaine, 2 to 5 years for felon-in-possession, and 3 to 10 years for discharge from a vehicle, along with a consecutive two-year term for felony-firearm. *Id.* at PageID.276.

After that, Petitioner moved to withdraw his pleas. *See* ECF No. 8-9. The court denied that motion. *Id.*

Petitioner sought leave to appeal, contending that the trial court erred in denying his motion to withdraw his pleas. ECF Nos. 8-12; 8-13. On August 12, 2022, the Michigan Court of Appeals denied leave to appeal, finding that his applications lacked merit. ECF Nos. 8-12 at PageID.381;

8-13 at PageID.461. Petitioner did not seek leave to appeal in the Michigan Supreme Court. ECF No. 8-16.

Petitioner then moved for post-conviction relief. The trial court denied that motion. ECF No. 8-11. Petitioner appealed, but the Michigan Court of Appeals denied leave to appeal because he "failed to establish that the trial court erred in denying the motion for relief from judgment." ECF No. 8-14 at PageID.542. In that same vein, the Michigan Supreme Court denied Petitioner's leave to appeal, concluding that he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Wilson*, 8 N.W.3d 616, *recon. den.*, 12 N.W.3d 432 (Mich. 2024).

On January 13, 2025, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner asserts three claims in his Petition:

> I. Petitioner was denied due process when the trial court refused to correct his presentence report before sentencing, after counsel objected to information in it.
>
> II. Petitioner was deprived of his due process rights when the trial court granted the prosecution's motion to amend information.
>
> III. Petitioner was denied effective assistance of appellate counsel where counsel failed to provide a minimum standard of representation.

*See id.* at PageID.11.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) constrains federal courts' review of state-court decisions in habeas cases. *See Smith v. Nagy*, 962 F.3d 192, 198 (6th Cir. 2020). Indeed, if a state court has already adjudicated a claim on the merits, a federal court may grant relief only if the state court's decision: (1) ran contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) rested on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have "independent meaning." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). A state-court decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court law; or (2) confronts a set of facts "materially indistinguishable" from a decision of the Supreme Court and yet arrives at a different result. *Id.* at 405–06. A state-court decision involves an "unreasonable application" of clearly established federal law if it (1) correctly identifies the governing legal rule but unreasonably applies it to the facts of the instant case, or (2) either unreasonably extends an established legal principle to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Id.* at 407.

The Supreme Court has emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. And later Supreme Court decisions have interpreted this directive to mean that an unreasonable application "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (citation modified). AEDPA "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). But the state court's error must be "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. At bottom, AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing

evidence. *Id.* And for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).[1]

### III.

### A.

Petitioner's first two claims—and related sub-arguments to his third claim—will be considered in tandem because they are interrelated. Petitioner first contends that the state trial judge denied him due process by refusing to correct alleged inaccuracies in his presentence investigation report. ECF No. 1 at PageID.17–29. This claim misses the mark.

The federal constitution guarantees no right to a pre-sentence investigation and report. *See Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). So hearsay or erroneous information in that report, standing alone, does not amount to a due process violation warranting habeas relief. *Allen*, 156 F. Supp. 2d at 797. And to the extent Petitioner asserts a violation of MCR 6.429, that claim rests on state law and is not cognizable here. *See Koras v. Robinson*, 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003), *aff'd in part, rev'd in part*, 123 F. App'x 207 (6th Cir. 2005).

More fundamentally, a court need not resolve disputed information in a presentence report unless it relies on that information at sentencing. *See Warren v. Miller*, 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). The record contains no indication that the trial judge relied on any of the

---

[1] Respondent argues that Petitioner's claims are procedurally defaulted, noting that Petitioner failed to show cause and prejudice under M.C.R. 6.508(D)(3) when he did not raise them on direct appeal. ECF No. 7 at PageID.137–42. Petitioner, in his third claim, contends that his appellate counsel was ineffective for omitting the first two claims on direct review. In some circumstances, ineffective assistance of counsel can establish cause for a default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). And because the cause-and-prejudice inquiry overlaps with the merits of the underlying claims, the more straightforward path is to address those merits directly. *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

challenged material. Habeas relief is therefore unavailable. *See Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992).

Petitioner next argues—again under his first claim—that the judge relied on constitutionally invalid prior convictions listed in the report to enhance his sentence as a fourth habitual offender and to permit the felony-firearm, third-offense charge. *See* ECF No. 1 at PageID.19. His second claim presses the related assertion that the judge improperly allowed the prosecutor to amend the information to add those enhancements. *See id.* at PageID.29. The fourth-offense habitual designation authorizes a maximum penalty of life imprisonment, MICH. COMP. LAWS § 769.12(1)(b), and felony-firearm, third offense carries a mandatory ten-year term. *See People v. Stewart*, 441 Mich. 89, 90 (1992).

Petitioner argues that MICH. COMP. LAWS § 777.50 bars the use of convictions older than ten years to support those enhancements. But that statute limits only the scoring of PRV under the Sentencing Guidelines; it does not restrict the use of older convictions for other purposes. And Michigan's habitual offender statutes contain no time bar at all. *See People v. Richardson*, No. 322195, 2016 WL 3030860, at *17–18 (Mich. Ct. App. May 26, 2016); *People v. Zinn*, 217 Mich. App. 340, 349 (1996). The same holds for felony-firearm enhancements; nothing in § 750.227b imposes a time limit, and § 777.50 does not supply one. *See People v. Sadows*, 283 Mich. App. 65, 68 n.5 (2009). Thus, Petitioner's statutory premise fails.

His second claim fares no better. Whether the state trial court properly allowed the amendments under Michigan's habitual-offender scheme or its felony-firearm statute presents a question of state law—not federal law. Habeas relief is unavailable on that basis. *See Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008); *Midds v. Booker*, 2015 WL 5679839, at *8 (E.D. Mich. Sept. 28, 2015).

Petitioner also claims that his plea was illusory because, in his view, the State could not lawfully pursue the enhancements under the plea agreement. ECF No. 1 at PageID.39. A plea is involuntary if it rests on an illusory promise. *See United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000); *Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994). But Michigan law permitted both enhancements. Petitioner thus faced a potential life sentence as a fourth habitual offender and a mandatory consecutive ten-year term for felony-firearm, third offense. The plea agreement limited his maximum exposure on the most serious charge to twenty years, imposed only the mandatory two-year term for felony-firearm, and secured dismissal of the habitual-offender notice, the third-offense enhancement, and other charges. That benefit was real, not illusory. *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994); *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004).

Not to mention, success on this claim would expose Petitioner to far harsher punishment. Vacating the plea would restore the State's ability to pursue a life-maximum habitual-offender enhancement and the mandatory ten-year felony-firearm term. As the Supreme Court has cautioned, a collateral challenge to a plea carries the inherent risk of forfeiting the benefits of the bargain. *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010). At any rate, his plea stands.

Petitioner, as part of his first claim, separately argues that the judge misscored the Sentencing Guidelines and then departed upward without basis. ECF No. 1 at PageID.27. The judge corrected the scoring at sentencing, rendering that issue moot. And any remaining challenge concerns only state law. Federal habeas relief does not lie for such alleged errors. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Misapplication of Michigan's Guidelines is not cognizable here. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Nor does an upward

departure violate due process. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *Baker v. Barrett*, 16 F. Supp. 3d 815, 837 (E.D. Mich. 2014). Petitioner had no federal right to be sentenced within the state's guideline range. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

In any event, Petitioner's maximum sentences fell within the statutory limits. *See Simpson v. Warren*, 662 F. Supp. 2d 835, 851 (E.D. Mich. 2009), *aff'd*, 475 F. App'x 51 (6th Cir. 2012). And any error in imposing a two-year minimum on the cocaine and felon-in-possession counts was harmless because that term ran concurrently with his higher three-year minimum for discharging a firearm. *See United States v. Burns*, 298 F.3d 523, 544–45 (6th Cir. 2002).

In sum, Petitioner's first and second claims lack merit. So he is not entitled to habeas relief for these claims.

**B.**

In his third claim, Petitioner argues that he was denied effective assistance of appellate counsel. ECF No. 1 at PageID.32. This claim also lacks merit.

The Sixth Amendment secures a defendant's right to the effective assistance of appellate counsel on an appeal of right, *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985), and on a first-tier discretionary appeal, *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005). But that right does not oblige appointed counsel to raise every nonfrivolous claim a defendant proposes. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). And on federal habeas review, the court's inquiry is doubly deferential—first to counsel's strategic choices, and second to the state court's conclusion that counsel's performance was constitutionally adequate. *Woods v. Etherton*, 578 U.S. 113, 119 (2016) (per curiam).

Up front, as explained above, Petitioner's claims regarding the use of prior convictions, the purportedly illusory nature of his plea, and the scoring of the sentencing guidelines lack merit. And

appellate counsel cannot be ineffective for declining to raise meritless issues. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010). So these arguments do not support Petitioner's ineffective assistance of appellate counsel claim.

Petitioner also faults appellate counsel for failing to challenge the trial court's upward departure from the 5–23 month sentencing range applicable to the possession-with-intent-to-deliver and felon-in-possession convictions. But he cannot demonstrate prejudice. The trial court and the Michigan appellate courts rejected this claim on post-conviction review, implicitly recognizing either a valid basis for the departure or the absence of any material effect, given Petitioner's higher three-year minimum sentence on the discharge-of-a-firearm conviction. As noted above, disputes concerning the application of Michigan's sentencing guidelines involve state law. And where the asserted attorney error concerns an objection rooted solely in state law, federal habeas courts may ask whether there is any reasonable probability that the state-law "do-over" would yield a different outcome. *Hammond v. Hall*, 586 F.3d 1289, 1340 (11th Cir. 2009). Here, the record provides no basis to conclude that either the trial court or the Michigan appellate courts would have imposed a different sentence. Pure speculation cannot establish prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004); *Spencer v. Booker*, 254 F. App'x 520, 525–26 (6th Cir. 2007).

Petitioner's remaining claims center on counsel's failure to raise alleged pre-plea errors: the impeachment of Brook Doyle (Burns), the relevance of Detective Lowry's testimony, and the veracity of the search warrant. ECF No. 1 at PageID.35. But Petitioner entered unconditional guilty and no-contest pleas. Those pleas waive nonjurisdictional defects, including claims of ineffective assistance of trial counsel and Fourth Amendment challenges to arrests or searches. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982);

*United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001). Because the underlying claims were waived, appellate counsel was not ineffective for declining to raise them. *See Thompson v. United States*, 42 F. App'x 766, 768 (6th Cir. 2002).

Petitioner also argues that appellate counsel was ineffective for failing to advise him that he could file a *pro se* supplemental brief under Michigan's Standard 4 procedure.[2] ECF No. 1 at PageID.35. But the Constitution confers no right to self-representation on direct appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 160–63 (2000). The Sixth Amendment's protections attach to trial proceedings, not appellate ones, and due process does not require hybrid representation on appeal. *Id.* at 161. Because there is no federal constitutional right to submit a *pro se* brief alongside counsel's, counsel's failure to facilitate such a filing does not provide a basis for federal habeas relief. *McMeans v. Brigano*, 228 F.3d 674, 684 (6th Cir. 2000).

\*\*\*

In sum, Petitioner has not demonstrated that he is entitled to habeas relief for any of his claims. Thus, his Petition, ECF No. 1, will be denied.

## IV.

Finally, the Petitioner moved for bond pending habeas review. ECF No. 10. In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Sixth Circuit recognized that a district court may, in narrow circumstances, grant bond while a habeas petition awaits decision. The court stressed, however, that this authority demands restraint and applies only in exceptional cases. *Id.* at 79.

Under *Dotson*, a prisoner seeking release must show a substantial legal claim grounded in the record and a circumstance that renders the request extraordinary and worthy of special

---

[2] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

treatment in the interests of justice. 900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). A habeas petitioner—incarcerated under a presumptively valid conviction—stands on far weaker footing than either a pretrial defendant or a convicted defendant pursuing direct appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Here, Petitioner has not satisfied the *Dotson* standard. First, he has not presented a substantial legal claim: all claims will be denied. Second, he has not identified any extraordinary circumstances warranting special treatment. As a result, his Motion for Bond, ECF No. 10, will be denied.

## V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

Here, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Thus, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## VI.

Accordingly, it is **ORDERED** that Petitioner Charles Wilson's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that Petitioner Charles Wilson's Motion for Bond, ECF No. 10, is **DENIED**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes this case.**

Dated: December 31, 2025            <u>s/Thomas L. Ludington</u>
                                                                  THOMAS L. LUDINGTON
                                                                  United States District Judge